**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4509**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS HUMBERTO ZAMARRIPA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Terrence W. Boyle, District Judge.  (5:06-cr-00220-BO)

Submitted:  May 20, 2008                     Decided:  June 5, 2008

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN & BERRY, PLLC, Wilmington, North Carolina, for Appellant.  Anne Margaret Hayes, Jennifer P. May-Parker, Stephen Aubrey West, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Carlos Humberto Zamarripa pled guilty to conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000), and was sentenced to 400 months in prison. Zamarripa appealed. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but contending that the sentence is procedurally unreasonable. Zamarrippa filed a pro se supplemental brief claiming prosecutorial misconduct, ineffective assistance of counsel, and various sentencing errors.

The United States moved to dismiss the appeal based on Zamarripa's waiver of his appellate rights. Zamarripa opposed the motion. We deny the motion insofar as it pertains to Zamarripa's claims of prosecutorial misconduct and ineffective assistance of counsel. We find that his claim of prosecutorial misconduct has no merit. Although the waiver permits Zamarripa to raise ineffective assistance on direct appeal, we conclude that ineffective assistance does not appear on the face of the record. We grant the motion to dismiss the appeal with respect to the sentencing issues, which lie within the scope of the appellate waiver. Finally, after a thorough review of the entire record, we have found no meritorious issues for appeal. Accordingly, we affirm in part and dismiss in part.

Zamarripa signed a written plea agreement in which he agreed:

> to waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

The plea agreement set forth the maximum sentence that Zamarripa faced and made clear that the sentencing guidelines applied.

At arraignment, the court summarized the plea agreement, including the waiver provision. Zamarripa informed the court that the summary was correct. The court ascertained that Zamarripa understood the charge against him, the applicable penalty, and the rights he waived by pleading guilty. Zamarripa represented to the court that he and his attorney had thoroughly discussed his case and that he had voluntarily entered into the plea agreement.

Zamarripa's probation officer prepared a presentence report. At sentencing, the district court overruled Zamarripa's objection to a recommended enhancement for possession of a firearm. Zamarripa's total offense level was 41, his criminal history category was I, and his advisory guideline range was 324-405 months in prison. The maximum term of imprisonment to which he was

subject was life in prison.  See 21 U.S.C. § 841(b)(1)(A) (2000).
The district court sentenced Zamarripa to 400 months in prison.

II

        We begin with the motion to dismiss based on the
appellate waiver.  In United States v. Blick, 408 F.3d 162 (4th
Cir. 2005), we considered whether a waiver-of-appellate-rights
provision in a plea agreement was enforceable after the Supreme
Court's decision in United States v. Booker, 543 U.S. 220 (2005).
We employed a two-part analysis to decide the issue.  First, we
considered whether the waiver was knowing and voluntary.  Blick,
408 F.3d at 169.  After deciding that it was, we considered whether
the issues raised on appeal were within the scope of that motion.
Because they were, we dismissed the appeal.  Id. at 169-73.

        We review de novo the validity of a waiver.  United
States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).  Whether a
waiver of the right to appeal is knowing and intelligent depends
upon the facts and circumstances surrounding its making, including
the defendant's background, experience, and conduct.  United
States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992).  A waiver is
ineffective if the district court fails to question the defendant
about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.
1991), unless other evidence in the record shows that the waiver
was informed and voluntary.  Davis, 954 F.2d at 186.

Here, Zamarripa's waiver was knowing and voluntary. When he entered his plea, he was twenty-six years old and had a college degree. The waiver-of-appellate-rights provision was set forth in a separate paragraph of the plea agreement and was specifically addressed at arraignment.

Zamarripa's plea agreement permits him to raise claims of prosecutorial misconduct and ineffective assistance of counsel. We deny the motion to dismiss insofar as it relates to those claims. With respect to prosecutorial misconduct, Zamarripa contends that the Government breached the plea agreement when it failed at sentencing to make a motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2006). This claim lacks merit because the plea agreement contained no such promise by the Government. Second, although Zamarripa did not waive his right to raise ineffective assistance on appeal, we will not address the claim because ineffectiveness does not conclusively appear from the face of the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 546 U.S. 1203 (2006).

The remainder of the claims raised in the briefs relate to sentencing. The appellate waiver permits an appeal of the sentence only if it is "in excess of the applicable advisory Guideline range." Because Zamarripa's 400-month sentence falls within the properly calculated advisory guideline range of 324-405 months, appellate review of his sentence is foreclosed. We

-5-

therefore grant the motion to dismiss insofar as it relates to sentencing issues.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none.  This court requires counsel to inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>